UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **GARY W. RICH and**<br>**LAW OFFICE OF GARY W. RICH, L.C.,**<br><br>     Plaintiffs/Counter-Defendants,<br><br>     *v.*<br><br>**JOSEPH SIMONI,**<br><br>     Defendant/Counter-Plaintiff. | CASE NO. 1:12-cv-12-IMK-JSK<br><br>JUDGE KEELEY<br><br>MAGISTRATE JUDGE KAULL |
| **GARY W. RICH and**<br>**LAW OFFICE OF GARY W. RICH, L.C.,**<br><br>     Third-Party Plaintiffs,<br><br>     *v.*<br><br>**BARON AND BUDD,** a professional corporation; **COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR P.C.;** and **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.,**<br><br>     Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' STATUS REPORT**
**REGARDING OFFICE OF DISCIPLINARY COUNSEL INVESTIGATION**

The Third-Party Defendants submit this report on the status of the investigation by the Office of Disciplinary Counsel into the complaints filed against Gary Rich. We were ordered to file this report by this Court's order dated May 1, 2015 (ECF No. 225).

We report, however, that we have absolutely no information regarding any investigation, despite our prolonged and diligent attempt to find out. The Office of Disciplinary Counsel has not responded to our calls or writings.

1

## I. INTRODUCTION

As the Court may recall, the only claims left in this action are claims we have against Rich seeking the costs of defending this action Rich filed against us. We have expended, collectively, hundreds of hours of attorney and staff time in defending this suit which was premised on illegal, secret, and unethical dealings between Rich and Simoni. We have been defending this suit, incurring the opportunity costs of lost attorney time; the hard costs of outside local counsel, expenses, and other costs; and most importantly to us, the risk that our firms' reputations could be tarnished in courts across the country due to our connection with Rich.

The contracts we have with Rich permit us to recover our monetary costs from him, and that is what we continue to seek.

We understand the basis for the Court's request for a status. At the last hearing on April 29, the Court "inquired whether, in light of [the ODC] referral, the pursuit of a claim for attorneys' fees is ripe for disposition. After further argument, the parties agreed that the outcome of the ODC investigation could materially affect the status of any attempt by the third-party defendants to recover attorneys' fees, and agreed to stay further proceedings until the conclusion of the ODC investigation." (Order, May 1, ECF No. 225 at 3-4.) And the Court ordered us to file this report.

## II. FACTS OF THE ODC INVESTIGATION

The following is a timeline of events that are relevant to the ODC investigation, if there was one.

| Date | Event | Exhibit |
|---|---|---|
| March 4 | The Supreme Court of Appeals held oral argument on the certified question and strongly suggested that any lawyer with knowledge of a possible ethics violation should report the violation. | – |
| March 31 | William Cash, a partner in Levin Papantonio and representing Levin Papantonio in this action, sent a complaint to the Office of Disciplinary Counsel. On April 6, a second, notarized copy of the same complaint followed. | A |
| April 10 | The Supreme Court's opinion in the certified question case, No. 14-0998, was released, "alerting the Office of Disciplinary Counsel regarding the need for further inquiry." | – |
| April 17 | The Office of Disciplinary Counsel sent Rich a letter stating that his complaint would be consolidated with the one opened at the behest of the Supreme Court of Appeals. A copy was sent to Cash. | B |
| **From here on out, there was no further contact originating from the ODC to Cash or anyone else at any of the Third-Party Defendant law firms.** | | |
| May 13 | Sherri Goodman Reveal, Rich's counsel, sent an e-mail to Cash, copying the ODC, stating that Cash's complaint was untimely, and that she would be answering the Supreme Court's complaint but not sending Cash a copy. | C |
| Late May | Cash called the ODC and talked with Betsy, who told him that the director of ODC needed to make a decision about the status of Cash's own ethics complaint. Betsy promised to follow up. | – |

3

| Date | Event | Exhibit |
|---|---|---|
| June 16 | Cash called and talked with Betsy again for six minutes. He explained that there has been no followup as yet, and that the ODC's pending investigation, if any, could affect the Third-Party Defendants in this federal action. She promised to follow up. | D |
| June 24 | Cash called and talked with Betsy again for one minute. She said she had given all information to the ODC director who hadn't yet made a decision. | E |
| August 12 | Cash sent a letter to the director of ODC, outlining his concerns and seeking to set a time to follow up by phone. | F |
| October 19 | Cash called Goodman Reveal to discuss the ODC matter. | — |
| October 20 | Goodman Reveal replied to say: "For the reasons I gave previously, I do not think it's appropriate for us to converse.  Nothing has happened in ODC's investigation (to my knowledge)." | G |

The Third-Party Defendants are in the dark about the status of the ODC's investigation, if any.

We have not heard from the ODC in over six months.

Cash's March 31 complaint was never formally closed or dismissed by the Office of Disciplinary Counsel. His only knowledge about the status of his open complaint comes from Goodman Reveal's e-mail (Ex. C) in which she tells him, copying the ODC, that his complaint is untimely. The ODC never told that directly to Cash. Cash disputes that the March 31 complaint was untimely and asked the ODC to be heard on that point (Ex. F at 2), but the ODC never responded.

Goodman's e-mail of today (Ex. G) states that "[n]othing has happened (to my knowledge)."

4

**III. COMMENTS AND CONCLUSION**

The ODC has had notice of this matter since March and was informed of the matter again by the Supreme Court of Appeals in April. It is certainly possible that the investigation has not yet started, but that does seem unusual to us.

As is summarized in Cash's August 12 letter to ODC (Ex. F), we are concerned that any investigation by ODC might have proceeded without our knowledge or input. If the ODC made any finding adverse to us, we don't know about it and did not have the opportunity to participate in the process. Any such finding should therefore be set aside for purposes of this action. If the ODC did have or does start an investigation, that investigation and its findings should be subject to discovery, because such evidence could be relevant to our claims against Rich for attorney fees.

We look forward to discussing all matters with the Court and Rich on the telephone call currently set for November 6.

Respectfully submitted,

/s/ Christopher J. McCarthy

Christopher J. McCarthy WV Bar #7079
Booth & McCarthy
Post Office Box 4669
901 West Main Street, Suite 201
Bridgeport, West Virginia 26330
304-842-0460
Fax: 888-818-6431
cjmccarthy@booth-mccarthy.com
*Counsel for All Third-Party Defendants*

5

William F. Cash III
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
850-435-7059
Fax: 850-435-7020
bcash@levinlaw.com
*Counsel for Levin Papantonio*

Angela J. Mason
The Cochran Firm–Dothan, P.C.
163 West Main Street
Dothan, Alabama 36301
334-673-1555
Fax: 334-699-7229
amason@cochranfirm.com
*Counsel for The Cochran Firm*

Cary McDougal
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
214-521-3605
Fax: 214-520-1181
cmcdougal@baronbudd.com
*Counsel for Baron & Budd*

## CERTIFICATE OF SERVICE

I certify that I have personally served or caused to be served the foregoing *Third-Party Defendants' Status Report Regarding Office of Disciplinary Counsel Investigation* upon the following counsel of record on October 20 by filing it on the Court's CM/ECF system.

| | |
|---|---|
| Richard W. Gallagher | Daniel Marino |
| E. Ryan Kennedy | Tillman Finley |
| Robinson & McElwee, PLLC | Marino Law PLLC |
| 140 W. Main Street, Suite 300 | 910 17th Street, N.W., Suite 800 |
| Clarksburg, West Virginia 26301 | Washington, D.C. 20006 |
| *Counsel for Rich* | *Counsel for Rich* |

/s/ Christopher J. McCarthy

Christopher J. McCarthy