IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| GARY W. RICH and LAW OFFICE OF GARY W. RICH, L.C., | )<br>)<br>) |
| Plaintiffs/Counter-Defendants, | ) Civil Action No. 1:12-cv-12-IMK<br>) |
| v. | ) Judge Irene Keeley<br>) |
| JOSEPH SIMONI, | ) Magistrate Judge Michael Aloi<br>) |
| Defendant/Counter-Plaintiff. | ) |
| _____ | ) |
| GARY W. RICH and LAW OFFICE OF GARY W. RICH, L.C., | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| BARON AND BUDD, a professional corporation; COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR P.C.; and LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A., | )<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>) |
| _____ | ) |

## SCHEDULING ORDER

The only remaining claims in this matter are the counterclaims for indemnification asserted by Third-Party Defendants/Third-Party Counterclaimants Baron & Budd, P.C.; Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.; and The Cochran Firm-Dothan, P.C. against Plaintiffs/Counter-Defendants/Third-Party Plaintiffs/Third-Party Counter-Defendants Gary W. Rich and Law Office of Gary W. Rich, L.C.  For ease of reference, the former are hereinafter referred to as "Plaintiffs" and the latter are hereinafter referred to as "Defendants" consistent with the parties' respective positioning with respect to the claims remaining to be adjudicated.

1

| TABLE OF DATES AND DEADLINES ||
|---|---|
| PLAINTIFFS' MOTION FOR LEAVE TO AMEND COUNTERCLAIM | December 4, 2015 |
| PLAINTIFFS' FULL AND COMPLETE RULE 26(a)(1)(A) DISCLOSURES | December 4, 2015 |
| PLAINTIFFS' EXPERT DISCLOSURE | March 15, 2016 |
| DEFENDANTS' EXPERT DISCLOSURE | April 15, 2016 |
| COMPLETION OF DISCOVERY | May 16, 2016 |
| SUMMARY JUDGMENT MOTIONS | July 8, 2016 |
| RESPONSE TO SUMMARY JUDGMENT MOTIONS | August 1, 2016 |
| REPLY TO SUMMARY JUDGMENT MOTIONS | August 18, 2016 |
| *DAUBERT* MOTIONS | October 14, 2016 |
| RESPONSE TO *DAUBERT* MOTIONS | October 28, 2016 |
| REPLY ON *DAUBERT* MOTIONS | November 4, 2016 |
| PLAINTIFFS' LIST OF WITNESES AND EXHIBITS | November 4, 2016 |
| DEFENDANTS' LIST OF WITNESSES AND EXHIBITS | November 4, 2016 |
| MOTIONS IN LIMINE | November 11, 2016 |
| RESPONSES TO MOTIONS IN LIMINE | November 18, 2016 |

| INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | November 11, 2016 |
|---|---|
| OBJECTIONS TO INTERROGATORIES AND DEPOSITIONS | November 18, 2016 |
| PROPOSED VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORMS & SPECIAL INTERROGATORIES | November 18, 2016 |
| JOINT PRETRIAL ORDER | November 18, 2016 |
| DESIGNATION OF JOINT EXHIBITS | November 22, 2016 |
| FINAL LIST OF EXHIBITS | November 22, 2016 |
| OBJECTIONS TO FINAL LIST OF EXHIBITS | November 29, 2016 |
| STIPULATION OF FACTS | November 22, 2016 |
| PROPOSED EXPERT WITNESS BIOGRAPHICAL SKETCHES | November 22, 2016 |
| PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE | November 29, 2016, 10:00 a.m. |
| TRIAL DATE | December 5, 2016, 9:30 a.m.<br>3 to 5 Trial Days |

1. **MOTION FOR LEAVE TO AMEND COUNTERCLAIM**: Plaintiffs wish to seek leave to amend their Counterclaim. Accordingly, Plaintiffs shall file their Motion for Leave to Amend Counterclaim on or before **December 4, 2015**.

2. **INITIAL DISCLOSURES**: Plaintiffs shall serve full and complete disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on or before **December 4, 2015.**

3. **EXPERT DISCLOSURES**: The Plaintiffs shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) to all other parties or their counsel no later than **March 15, 2016**.

The Defendants shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) to all other parties or their counsel no later than **April 15, 2016**.

4. **DISCOVERY**: All discovery shall be completed by **May 16, 2016**. "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1) and (2), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date, as provided in Fed. R. Civ. P. 26(e). The parties should refer to L.R. Civ. P. 5.01, L.R. Civ. P. 26.01 -26.04, L.R. Civ. P. 33.01, L.R. Civ. P. 34.01, L.R. Civ. P. 36.01, and L.R. Civ. P. 37.01 - 37.02 for further instructions on discovery practice.

The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

5. **LIMITATIONS ON DISCOVERY:** The preemptive limitations on discovery (numbers of interrogatories, requests for admission, and depositions) set out in L.R. Civ. P. 26.01(c) apply to this case unless otherwise stipulated or ordered.

6. **SUMMARY JUDGMENT MOTIONS:** Any summary judgment motions, as well as a memorandum, deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed by **July 8, 2016**.

Memoranda in opposition to such motions shall filed by **August 1, 2016**.

Any reply memoranda shall be filed by **August 18, 2016**.

All dispositive motions unsupported by memoranda will be denied without prejudice. See L.R. Civ. P. 7.02(a).

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to L.R. Civ. P. 7.02, L.R. Civ. P. 12.02 and L.R. Civ. P. 78.01 for details on motion practice before this Court.

7. **DAUBERT MOTIONS**: The parties shall file any *Daubert* motions on or before **October 14, 2016**. Any such motions must be supported by a memorandum at the time the motion is filed with the Clerk. Responses to any such motions shall be filed on or before **October 28, 2016**. Any reply briefs shall be filed on or before **November 4, 2016**. If necessary, the Court will schedule a hearing on any *Daubert* motions at a later date.

8. **LIST OF WITNESSES AND EXHIBITS**: On or before **November 4, 2016**, the parties shall forward to each other a list of all witnesses they may call at trial and copies of all proposed exhibits along with an index or list summarizing said exhibits. The foregoing shall

not apply to documents used solely for impeachment, rebuttal witnesses or documents, or witnesses or documents the need for which cannot be reasonably anticipated.

9. **MOTIONS IN LIMINE**: All motions in limine, accompanied by memoranda of law, and all other related pre-trial motions shall be filed with the Clerk not later than **November 11, 2016**. Responses to such motions shall be filed by counsel by **November 18, 2016**.

10. **INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **November 11, 2016**, the parties shall file with the Clerk any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereto that they intend to offer in this case.  Before designating these discovery materials, the parties shall meet and agree as to the elimination of all irrelevant and repetitive matter, and all colloquy between counsel in the depositions.  In addition, the parties shall, in good faith, attempt to resolve all objections to testimony.  Any objections to the testimony that cannot be amicably resolved and the grounds for the objections shall be filed in writing by each of the parties no later than **November 18, 2016**, or such objection shall be deemed to have been waived.  The objections shall include appropriate statement of authorities in support of the party's position.  This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

11. **PROPOSED JURY INSTRUCTIONS, VOIR DIRE AND JURY CHARGE**: Proposed jury instructions on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with pertinent statutory and case authority, special interrogatories and verdict forms, as appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and delivered to the Clerk not later than **November 18, 2016**.

**If the instructions, voir dire, verdict forms, and special interrogatories in this case are prepared on a computer in a software program compatible with WordPerfect or Microsoft Word, counsel are requested to send files containing those instructions in such a compatible format to the Court by email, care of Elaine Junkins at Elaine_Junkins@wvnd.uscourts.gov, with the email subject line including the case name and party proposing the instructions.  If the request for an email with the noted information is not followed, sanctions may occur.**

      12.    **JOINT PRETRIAL ORDER**: A joint pre-trial order shall be submitted to the Court not later than **November 18, 2016**.  The proposed joint pre-trial order shall contain at least those matters provided for under L.R. Civ. P. 16.04(b) with the exception of interrogatories and depositions, which are addressed above in Section 10, and exhibits, which are addressed below in Sections 13 and 14.

The joint pretrial order shall contain for each party, a list of all witnesses who will be called at the trial:

      A.    Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony.  It is **NOT** sufficient to designate the witness simply "fact," "medical," or "expert."  The list must also include an indication in good faith of those witnesses who **WILL** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **MAY** be called.

      B.    This restriction does not apply to rebuttal witnesses or when necessity cannot be reasonably anticipated.  Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports or have otherwise exchanged expert

information. Expert witnesses whose reports have not been furnished to opposing counsel will not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

C. Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior court orders.

The witness lists submitted to this Court as part of the pretrial order shall include all of a party's potential witnesses and no party shall be permitted to add to these lists after the pretrial order is submitted to the Court. Following the pre-trial conference, this Court shall enter the final pre-trial order which shall be modified only to prevent manifest injustice.

13. **DESIGNATION OF JOINT EXHIBITS**: The parties should consider designating a list of joint exhibits and should file any list of exhibits to be jointly designated by **November 22, 2016**.

14. **FINAL LIST OF EXHIBITS AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **November 22, 2016**, the parties shall file with the Clerk a final list of those exhibits and witnesses that they actually intend to use or call at trial. Prior to that, the parties shall either forward copies of the proposed exhibits or make them available to all other counsel for examination. All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be obtained from the Clerk.

By the date set forth above, each counsel shall tender to the Clerk two sets (preferably in binders and on disk) of copies of the exhibits to be used at trial. These should be indexed for easy reference and each paper exhibit should be individually tabbed. One of the binders will be for the Court's use and the other is for use by the witness. Counsel should have their own copy

of each exhibit and should furnish opposing counsel with a copy of each exhibit. Original exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

Any objection to any proposed exhibit must be filed in writing no later than **November 29, 2016**, shall include a copy of the exhibit where possible, and shall include authority supporting the ground for objection. Failure to comply with this paragraph may constitute a waiver of objection or may result in the Court's denying any objection to the admission of an affected exhibit.

15. **STIPULATION OF FACTS**: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed with the Court and with opposing counsel by **November 22, 2016**.

16. **BIOGRAPHICAL SKETCHES**: Biographical sketches of any proposed expert witnesses shall be filed with the Court and with opposing counsel by **November 22, 2016**.

17. **PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE**: A pretrial conference/final settlement conference shall be held at 10:00 a.m. on **November 29, 2016**, at the **Clarksburg, West Virginia** point of holding court. Lead trial counsel for each represented party must attend. Counsel and parties should be prepared to participate fully and to discuss all aspects of the case, including the matters set forth in the pre-trial order. Persons with full authority to settle the case for each party shall be present in person.

18. **TRIAL**: Jury selection in this action shall be held on **December 5, 2016** at **9:30 a.m.** at the **Clarksburg, West Virginia** point of holding court. Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date. This case is

presently the first case on the trial docket for that week and is scheduled for three to five trial days.

19.     **SETTLEMENT AUTHORITY AND SANCTIONS**:  At least one of the attorneys for each party participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed.  Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and L.R. Civ. P. 37.01 respecting pretrial conferences or orders.

20.     **DEADLINES FINAL**:  The time limitations set forth above shall not be altered except as set forth in L.R. Civ. P. 16.01(f).  All dates for submissions, deliveries and filings with the Clerk or the Court refer to the date the materials must be actually received not the mailing date.

**FAILURE ON THE PART OF COUNSEL TO APPEAR AT THE PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON. COMPLIANCE WITH THIS ORDER INCLUDES *TIMELY* AND *GOOD FAITH EFFORT* BY *ALL* PARTIES TO MEET AND *JOINTLY* PREPARE THE FINAL PRETRIAL ORDER AND OTHER ITEMS DESCRIBED ABOVE.**

**IT IS SO ORDERED**.

The Court directs the Clerk to transmit copies of this Scheduling Order to counsel of record.

ENTER: _____

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE