AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of West Virginia

| | |
|---|---|
| Gary W. Rich, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:12-cv-00012-IMK |
| Joseph Simoni ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: R. Edison Hill, Hill Peterson Carper Bee & Deitzler, PLLC
500 Tracy Way, Charleston, WV 25311

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
   See attached Exhibit A.

| Place: Robinson & McElwee, PLLC<br>140 W. Main Street, Suite 300<br>Clarksburg, WV 26301-2914 | Date and Time:<br><br>01/29/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/15/2016

CLERK OF COURT

                                                                OR        *[signature]*

_____          _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiffs Gary W. Rich and Law Office of Gary W. Rich, L.C. , who issues or requests this subpoena, are:
E. Ryan Kennedy
Robinson & McElwee, PLLC, 140 W. Main Street, Suite 300, Clarksburg, WV 26301-2914
304-622-5022, erk@ramlaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:12-cv-00012-IMK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* R. Edison Hill
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:12-cv-00012-IMK-MJA Document 250-2 Filed 01/15/16 Page 3 of 9 PageID #: 5318

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

    **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

For all of the specific requests for production of **DOCUMENTS** made herein, the following instructions apply:

## INSTRUCTIONS

A.  In producing **DOCUMENTS** requested below, **YOU** must furnish all **DOCUMENTS** known or available to **YOU** regardless of whether such **DOCUMENTS** are possessed by **YOU** or **YOUR** agents, representatives, investigators, or by others who possess documents to which **YOU** have either reasonable access or a legal right of access. **YOU** are required to make a diligent search of **YOUR** records and of any other **DOCUMENTS**, papers, and materials in **YOUR** possession or available to **YOU**. If, after **YOU** have conducted such a search, **YOU** are aware of the existence of any **DOCUMENT** requested below but are unable to produce it, specify the identity of the **DOCUMENT** and the reasons for **YOUR** inability to produce the **DOCUMENT**.

B.  This subpoena requires production of the original and all non-identical copies of the requested **DOCUMENTS**, including electronically stored information, for inspection and copying at the time and at the address identified in the subpoena. (Alternative arrangements may be made for delivery of the documents by contacting counsel for Plaintiffs, Daniel Marino, at 202-223-8888 or dmarino@marinofinley.com.) The documents, including any electronically-stored information and any passwords necessary to access the electronically-stored information, should be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in the demand. Fed. R. Civ. P. 45(d)(1). Alternatively, copies of the requested documents may be produced in searchable PDF format using optical character recognition (OCR) software, in which event Plaintiffs will pay the cost of copying or have them

1

copied at Plaintiffs' expense. Paper copies may be produced of all documents requested in this subpoena, but if the responding party elects to produce in this manner it must maintain all of the documents in their original form in case they are needed for inspection. If paper copies are produced, Plaintiffs will not pay for the costs of copying.

    C.    If **YOU** contend that any **DOCUMENT** otherwise called for by this subpoena is excludable from production in discovery regardless of its responsiveness:

        (1)    State the reason(s) for such objection or ground for exclusion;

        (2)    State the name, address, and telephone number of each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted; and

        (3)    Identify the **DOCUMENTS** by providing the following information: (i) the title of the **DOCUMENTS**; (ii) the name, address, and telephone number of each person who participated in the preparation of the **DOCUMENT**; (iii) the name, address, and telephone number of any and all intended or actual recipients of the **DOCUMENT**; and (iv) its general subject matter.

    D.    To the extent that **YOU** consider any of the following requests objectionable for reasons other than a claim of privilege, please respond to so much of the request as to which such objection is not made, and separately with respect to the remainder, state **YOUR** objection as part of **YOUR** response, setting forth each and every ground for that objection and listing the factual basis, if any, for that objection.

    E.    If any **DOCUMENT** called for by this subpoena was at one time within **YOUR** possession, custody or control, but is no longer within **YOUR** possession, custody or control, then as to each such **DOCUMENT**:

   (1) Identify each **DOCUMENT** by stating the type of **DOCUMENT**, its date, author, recipients, recipients of copies and subject matter;

   (2) State the last time, place and date that the **DOCUMENT** was seen as well as the identity of the person in possession of the **DOCUMENT**; and

   (3) State why the **DOCUMENT** left **YOUR** possession and any knowledge or information regarding the current location of the **DOCUMENT** or any copies of the **DOCUMENT**.

F. If any **DOCUMENT** requested herein has been lost, discarded, destroyed, or is otherwise no longer in **YOUR** possession, custody, or control, or has been transferred voluntarily or involuntarily to another person or persons or otherwise disposed of, identify the **DOCUMENT** as completely as possible, including but not limited to, the following information:

   a. The date of and reason for disposal or transfer;

   b. The manner of disposal or transfer;

   c. The person authorizing the disposal or transfer; and

   d. The person disposing of or transferring the document.

For all the specific requests for the production of **DOCUMENTS** made herein, the following definitions apply:

## DEFINITIONS

**"DOCUMENT"** or **"DOCUMENTS"** shall mean and refer to anything discoverable under Fed. R. Civ. P. 34(a)(1), and without limitation, all recordings, electronic messages, electronically-stored information (**ESI**) and/or any other tangible media from which information can be obtained. This definition further includes drafts of all **DOCUMENTS** regardless of whether they were executed or not. All non-identical copies bearing notations and marks not

3

found on the original shall be considered a separate document for purposes of the requests set forth herein.

"**COMMUNICATIONS**" as used herein shall refer to any discussions, correspondence, electronic mail, text messages, instant messages, voice mail messages, Facebook or other social media messages or postings, other transmittal of information (in the form of facts, ideas, inquiries, or otherwise), or communications of any kind, formal or informal, written or oral, as well as recordings of any kind of those communications.

The term "**YOU**" or "**YOUR**" shall mean R. Edison Hill, his agents, attorneys, consultants, representatives, and all other persons at any time acting or purporting to act for or on his behalf.

"**SPELTER LITIGATION**" as used herein shall refer to the action styled *Perrine, et al. v. E.I. DuPont de Nemours & Co., et al.* (Civil Action No. 04-C-296-2), a class action filed in the Circuit Court of Harrison County, West Virginia.

The term "**SIMONI**" shall mean Joseph Simoni, Ph.D, his agents, attorneys, consultants, representatives, and all other persons at any time acting or purporting to act for or on his behalf.

The term "**WAKEFIELD**" shall mean Jeffrey M. Wakefield, his agents, attorneys, consultants, representatives, and all other persons at any time acting or purporting to act for or on his behalf.

"**THIRD PARTY DEFENDANTS**" as used herein shall refer to Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.; The Cochran Firm-Dothan, P.C.; and Baron & Budd, P.C., and any of their employees, agents, attorneys, consultants, representatives, and all other persons at any time acting or purporting to act for or on their behalf. This term shall refer to these entities collectively and individually.

## SPECIFIC REQUESTS FOR DOCUMENTS

1. Any **COMMUNICATIONS** between **YOU** and any other person regarding **SIMONI** or his work on the **SPELTER LITIGATION** including but not limited to any letters, electronic mail, typed or handwritten notes purporting to memorialize the substance of any telephone or other oral discussions, or memoranda purporting to memorialize such discussions.

2. Any **COMMUNICATIONS** between **YOU** and any other person regarding promises, representations or statements that anyone made regarding compensating **SIMONI**, or any family member of **SIMONI**, in any fashion for his work on the **SPELTER LITIGATION** including but not limited to any letters, electronic mail, typed or handwritten notes purporting to memorialize the substance of any telephone or other oral discussions, or memoranda purporting to memorialize such discussions.

3. Any **COMMUNICATIONS** in **YOUR** possession, custody or control or to which you have a legal right of access pertaining in any way to association or possible association of co-counsel in connection with the **SPELTER LITIGATION** including but not limited to any letters, electronic mail, typed or handwritten notes purporting to memorialize the substance of any telephone or other oral discussions, or memoranda purporting to memorialize such discussions.

4. Any **COMMUNICATIONS** in **YOUR** possession, custody or control or to which you have a legal right of access pertaining to any possible claim against any or all of the **THIRD PARTY DEFENDANTS** for compensation for **SIMONI** for any work he allegedly performed on the **SPELTER LITIGATION** including but not limited to any letters, electronic mail, typed or handwritten notes purporting to memorialize the substance of any telephone or other oral discussions, or memoranda purporting to memorialize such discussions.

5. Any **COMMUNICATIONS** in **YOUR** possession, custody or control or to which you have a legal right of access pertaining to any claim made or advanced by **SIMONI** against any or all of the **THIRD PARTY DEFENDANTS** for compensation or damages owed to **SIMONI**, including but not limited to notes, memoranda or other documents pertaining to any oral or written discussions with **WAKEFIELD** regarding **SIMONI**.